# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MARTINEZ, | CASE NO. 1:09-cv-00031-YNP PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| JAMES TILTON, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff Carlos Martinez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and was incarcerated at Avenal State Prison in Avenal, California ("ASP") at the time the events in his complaint took place. Plaintiff is suing under section 1983 for the violation of his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution. Plaintiff names James Tilton (secretary of corrections), Maria Loya (staff services analyst, medical appeals), I. Mathos (medical provider), and E. Greenman, M.D. (chief medical officer) as defendants. For the reasons set forth below, Plaintiff's complaint is dismissed for failure to state any cognizable claims, with leave to file an amended complaint within 30 days.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Background**

Plaintiff has been complaining about a cataract in his right eye since 2006. (Compl. ¶ 2.) Plaintiff was seen by Defendant Mathos, who ordered treatment and an operation. (Compl. ¶ 2.) After several months of waiting, Plaintiff filed an administrative grievance complaining about the pain in his eye. (Compl. ¶ 3.) The grievance was partially granted, but Plaintiff never received the scheduled appointment with ophthalmology. (Compl. ¶ 3.) Plaintiff has not received sufficient medical care for his eye, and the condition has worsened since he was seen by Defendant Mathos. (Compl. ¶ 4.) The prescribed eye drops were not effective and the cream colored growth in his eye has grown larger and spread to his left eye. (Compl. ¶ 4.) Plaintiff was transferred out of the state a few days before he was scheduled for the ophthalmology appointment.[1] (Compl. ¶ 5.) Plaintiff contacted medical personnel at his current location, but was given the same drops that he was using while at ASP and was told to wait until the condition worsened. (Compl. ¶ 6.)

---

[1] Plaintiff is currently incarcerated at Tallahatchie County Correctional Facility in Tutwiler, Mississippi. (Compl. 1.) Presumably, the out of state transfer that Plaintiff refers to was his transfer from ASP to Tallahatchie.

### III. Discussion

#### A. Eighth Amendment Claim

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

The Eighth Amendment requires prison officials to provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). With respect to medical care, "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (quoting Estelle, 429 U.S. at 104). Delay of medical treatment can amount to deliberate indifference. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez,

3

1  298 F.3d 898, 905 (9th Cir. 2002); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.
2  Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Jackson v. McIntosh, 90 F.3d 330, 332 (9th
3  Cir. 1996); McGuckin, 974 F.2d at 1059; Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.
4  1988).

      Plaintiff alleges sufficient facts to show that he had a serious medical need and did not receive sufficient medical treatment. However, Plaintiff fails to provide details that demonstrate what each Defendant did, or failed to do, that caused Plaintiff to receive constitutionally deficient medical treatment. Plaintiff offers only bare conclusions that Defendants collectively denied Plaintiff proper medical treatment without providing details as to each individual Defendant's participation in the alleged constitutional violation. Defendant Mathos ordered treatment and an operation for Plaintiff. Without additional facts, it is not clear how Defendant Mathos' actions were constitutionally deficient. Plaintiff does not allege that Defendant Mathos acted to delay Plaintiff's treatment, or caused Plaintiff to miss his scheduled ophthalmology appointment. Plaintiff complains that he was not taken to his scheduled ophthalmology appointment because he was transferred to another institution. Plaintiff does not allege which Defendant caused him to miss his ophthalmology appointment. Further, it is not clear how Defendants, employed by the California Department of Corrections and Rehabilitation, are liable because prison officials in the Tallahatchie County Correctional Facility in Tutwiler, Mississippi did not reschedule an ophthalmology appointment, or otherwise provide adequate treatment. Plaintiff must provide sufficient factual allegations to show that each Defendant acted with deliberate indifference: that they were each aware of an excessive risk to Plaintiff's health if he did not receive medical treatment, and acted in some way to prevent Plaintiff from receiving medical treatment. Although the Court is obligated to accept Plaintiff's factual allegations as true, the Court is not obligated to accept Plaintiff's legal conclusions as true, such as Plaintiff's legal conclusion that Defendants acted with deliberate indifference. See Ashcroft v. Iqbal, No. 07-1015, 2009 U.S. LEXIS 3472, 2009 WL 1361536, *29-30 (U.S. May 18, 2009). Plaintiff must provide sufficient factual allegations to support a plausible claim that Defendants acted with deliberate indifference.

///

Finally, Plaintiff names James Tilton, "secretary of corrections" in Sacramento California, as a defendant. Plaintiff also names chief medical officer E. Greenman as a defendant. Plaintiff is cautioned that supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Put plainly, supervisory personnel are not liable in a section 1983 action for the constitutional violations committed by those they are in charge of. In order to be liable, they must have had some sort of direct or personal participation in the events that led the deprivation of Plaintiff's constitutional rights.

**B.  Fourteenth Amendment Claim**

Plaintiff claims that Defendants denied Plaintiff equal protection of the law as required by the Fourteenth Amendment. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005).

Plaintiff does not allege that he was discriminated against because of his race, or other suspect classification. If the action in question does not involve a suspect classification, a plaintiff

may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff does not allege that he is a member of an identifiable class and was intentionally treated differently from others similarly situated because of his membership in any identifiable class. Put simply, Plaintiff has not alleged that he was discriminated against. As such, Plaintiff fails to state a claim under the Equal Protection Clause of the Fourteenth Amendment.

### IV. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).

///

1  In other words, it is not necessary at this stage to submit evidence to prove the allegations in
2  Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

3  However, although Plaintiff's factual allegations will be accepted as true and that "the
4  pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint
5  must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on
6  its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 U.S. LEXIS 3472, 2009 WL 1361536, *28 (U.S.
7  May 18, 2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has
8  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
9  reasonable inference that the defendant is liable for the misconduct alleged." Id. at *29 (citing
10 Twombly, 550 U.S. at 556).

11 Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
12 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
13 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
14 pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
15 complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
16 London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
17 1474.  In other words, even the claims that were properly stated in the original complaint must be
18 completely stated again in the amended complaint.

19 Accordingly, based on the foregoing, it is HEREBY ORDERED that:
20     1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
21     2.    The Clerk's Office shall send Plaintiff a complaint form;
22     3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
23         amended complaint;
24     4.    Plaintiff may not add any new, unrelated claims to this action via his amended
25         complaint and any attempt to do so will result in an order striking the amended
26         complaint; and
27 ///
28 ///

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 16, 2009**                            **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE