# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MARTINEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES TILTON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00031-LJO-YNP PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 10)<br><br>RESPONSE DUE WITHIN 30 DAYS |

**Findings and Recommendations Following Screening of Complaint**

Plaintiff Carlos Martinez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and was incarcerated at Avenal State Prison, in Avenal, California ("ASP") at the time the events in his complaint took place. Plaintiff is suing under section 1983 for the violation of his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution. Plaintiff names James Tilton (secretary of corrections), Maria Loya (staff services analyst, medical appeals), I. Mathos (medical provider), and E. Greenman (chief medical officer) as defendants. For the reasons set forth below, the Court finds that Plaintiff fails to state any cognizable claims under section 1983 and recommends that Plaintiff's complaint be dismissed without leave to amend.

///

///

I.  **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

II.  **Background**

  A.  **Procedural Background**

Plaintiff filed the Original Complaint in this action on January 5, 2009. (Doc. #1.) Plaintiff's Original Complaint was screened on June 16, 2009. (Doc. #9.) Plaintiff's Original Complaint was dismissed for failure to state a claim, and Plaintiff was given the opportunity to amend his complaint within 30 days. Plaintiff filed his First Amended Complaint on July 10, 2009. (Doc. #10.) This action proceeds on Plaintiff's First Amended Complaint.

///

///

I.  **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

II.  **Background**

  A.  **Procedural Background**

Plaintiff filed the Original Complaint in this action on January 5, 2009. (Doc. #1.) Plaintiff's Original Complaint was screened on June 16, 2009. (Doc. #9.) Plaintiff's Original Complaint was dismissed for failure to state a claim, and Plaintiff was given the opportunity to amend his complaint within 30 days. Plaintiff filed his First Amended Complaint on July 10, 2009. (Doc. #10.) This action proceeds on Plaintiff's First Amended Complaint.

///

///

### B. Factual Background

Plaintiff claims that Defendants interfered with his medical treatment. Plaintiff began complaining about a cataract in his right eye in 2006. (Compl. ¶ 2.) Plaintiff was seen by Defendant Mathos, and Plaintiff was given eye drops for treatment and was scheduled for an operation. (Compl. ¶ 2.) After waiting several months without receiving his operation, Plaintiff filed a grievance complaining about his eye. (Compl. ¶ 3.) Plaintiff's grievance was partially granted, but the scheduled appointment with ophthalmology never happened. (Compl. ¶ 3.) Plaintiff was transferred to an prison in Mississippi a few days before his scheduled ophthalmology appointment. (Compl. ¶ 5.) Plaintiff contacted medical personnel at his new prison, but he was given the same ineffective treatment (eye drops) he received while at ASP. (Compl. ¶ 6.)

Plaintiff's condition has worsened since his first visit with Defendant Mathos. (Compl. ¶ 4.) The cream colored growth in his eye has grown larger and has obscured his vision. (Compl. ¶ 4.) Further, the condition has also affected Plaintiff's left eye. (Compl. ¶ 4.)

Plaintiff claims that Defendants Tilton, Loya, Mathos, and Greenman denied "humane conditions of confinement" by "allowing the Plaintiff's transfer out of the state". (Compl. ¶ 12.) Plaintiff alleges that his first and second level grievances made Defendants aware that Plaintiff would be transferred, "yet they did nothing to stop the transfer on medical grounds". (Compl. ¶ 12.)

## III. Discussion

### A. Eighth Amendment Claims

Plaintiff claims that Defendants violated his rights under the Eighth Amendment by being deliberately indifferent to his serious medical needs. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the

3

deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (quoting Estelle, 429 U.S. at 104). Delay of medical treatment can amount to deliberate indifference. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); McGuckin, 974 F.2d at 1059; Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

In order to state a claim under the Eighth Amendment regarding his medical treatment, Plaintiff must allege that he has a serious medical need and that Defendants acted with deliberate indifference in denying or delaying treatment. Plaintiff has sufficiently alleged that he has a serious medical need with respect to his eye condition. However, Plaintiff has not sufficiently alleged that Defendants acted with deliberate indifference with respect to his medical condition by allowing his transfer to an out-of-state prison. Plaintiff alleges that Defendants "maliciously [shifted] their responsibility to a private institution in Mississippi, which now refuses to provide [medical] care." (Compl. ¶ 12.) It is not clear how Defendants acted "maliciously" when they shifted responsibility for Plaintiff's medical care to Plaintiff's new prison in Mississippi. Plaintiff alleges that Defendants knew he had a scheduled ophthalmology appointment and that Defendants knew that Plaintiff's

transfer to Mississippi would cause Plaintiff to miss his scheduled ophthalmology appointment. However, it does not necessarily follow that Defendants acted with deliberate indifference. Plaintiff does not allege that Defendants had knowledge that Plaintiff would not receive proper medical care at his new prison institution (such as a rescheduled ophthalmology appointment). Nor does Plaintiff allege that Defendants were aware that rescheduling the ophthalmology appointment after he was transferred would be an excessive risk to Plaintiff's health. Defendants' failure to stop Plaintiff's transfer to Mississippi does not amount to deliberate indifference to Plaintiff's serious medical needs. Plaintiff fails to state a cognizable claim under the Eighth Amendment against Defendants Tilton, Loya, Mathos, and Greenman.

### B.     Fourteenth Amendment Claims

Plaintiff claims that Defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005). If the action in question does not involve a suspect classification, as here, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

///

Plaintiff alleges that Defendants "den[ied] him the rights to be treated like those similarly situated within the California prison system." (Compl. ¶ 17.) Plaintiff has provided no factual allegations to support his conclusion. Plaintiff has not identified any persons that are similarly situated, such as other inmates who require medical treatment for cataracts in their eyes or inmates who required medical treatment but were pending transfer to another prison institution. Plaintiff has not identified how he was treated differently. Nor has Plaintiff alleged membership in any identifiable class or that his treatment was different because of his membership in any identifiable class. Plaintiff fails to state a cognizable claim under the Equal Protection Clause of the Fourteenth Amendment.

**IV. Conclusion and Recommendation**

The Court has screened Plaintiff's First Amended Complaint and finds that it fails to state any claims upon which relief may be granted under section 1983. The Court's June 16, 2009 screening order notified Plaintiff of the same deficiencies in Plaintiff's Original Complaint. Plaintiff was provided with the opportunity to amend and his First Amended Complaint failed to remedy the deficiencies in his claims. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's complaint be dismissed for failure to state a claim

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 1, 2009                    /s/ Gary S. Austin
                                              UNITED STATES MAGISTRATE JUDGE